**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of Keith and Joyce | } | |
| Farnham | } | |
| | } | Docket No. 223-10-02 Vtec |
| | } | |
| | } | |

Decision and Order on Cross-Motions for Summary Judgment

Appellants Keith Farnham and Joyce Farnham appealed from Condition 1 of the conditions imposed by the decision of the Planning Commission of the Town of Fairlee granting their subdivision application. Appellants are represented by Christopher Dye, Esq.; the Town[1] is represented by Andrea L. Gallitano, Esq. Both parties have moved for summary judgment on the sole question in the Statement of Questions. The following facts are undisputed unless otherwise noted.

Lake Morey Drive East is a public road running generally along or near the easterly shore of Lake Morey. Access to Lake Morey Drive East in the vicinity of Appellants' property is by a 20-foot-wide old private right-of-way known as Redmond Road, serving a row of ten small camp lots. A two-rod-wide (33-foot-wide) private reserved strip, reserved in 1909, runs between two of the camp lots to provide access to two parcels of land subdivided under a permit in 1995, of which Lot 1 is owned by Dennis and Wendy O'Donnell and Lot 2 is owned by Appellants. That reserved strip continued as a 33-foot-wide right-of-way originally created in 1909, running across Lot 1 to another old private right-of-way, called the 'Old Houghton Private Way,' which extends to the northeast and southwest on other land farther to the east, also owned by the O'Donnells, adjacent to the southeasterly boundaries of Lot 1 and Lot 2. The 'Old Houghton Private Way' is also less than three rods wide and older than 1909, as it is referred to in the 1909 deed.

Appellants and others (the LaPortes) acquired the property now comprising Lots 1 and 2 in 1986. In 1993 the O'Donnells acquired a large parcel of land southeasterly of the Old Houghton Private Way, with a non-exclusive right to use the 33-foot-wide right-of-way over Appellants' and the LaPortes' land. That 33-foot-wide right-of-way may be referred to in this discussion as O'Donnell Drive. In early September, 1995, the LaPortes conveyed their interest in the property now comprising Lots 1 and 2 to Appellants.

Under a subdivision permit issued by the Planning Commission in late September 1995, Appellants divided the property into Lot 1 (3.83 acres) and Lot 2 (5.90 acres), intending to convey the smaller lot to the O'Donnells. The Zoning Regulations then in effect contained the same provision as § 4.4 of the current regulations, requiring that new rights-of-way be three rods (49½ feet) in width. The 1995 subdivision permit recognized that access to Lots 1 and 2 was via an existing 33-foot right-of-way serving Lots 1 and 2, extending from the 20-foot-wide right-of-way known as Redmond Road, and also that the Redmond Road right-of-way was in some way

disputed. Although an interested party in 1995 raised issues about the adequacy of the right-of-way and access via Redmond Road, and requested that a condition be imposed precluding any further subdivision of the lots, the 1995 subdivision permit did not contain such a condition. It was not appealed and became final[2]. Appellants then conveyed Lot 1 to the O' Donnells, reserving the use of the westerly portion of the 33-foot-wide right-of-way extending across Lot 1 (O' Donnell Drive) for access from Lake Morey Road East and Redmond Road to Lot 2, which they retained.

In 2002 Appellants applied for the subdivision permit at issue in the present appeal, seeking further to subdivide from Lot 2 an approximately one-acre lot with approximately 500 feet of frontage along the existing O' Donnell Drive, and to retain the remaining approximately 4.9-acre lot, with 50 feet of frontage along the existing O' Donnell Drive. The Planning Commission granted the subdivision permit with the following Condition 1 at issue in this appeal. The decision noted that an abutter " expressed opposition to the subdivision based on the fact that Redmond Road is a one-lane road which is currently serving 8 residences and increasing the traffic level might create safety hazards;" however, the Planning Commission made no findings itself regarding the safety of Redmond Road or the level of traffic that might result from the proposed subdivision. Condition 1 of the approval states in full that:

Residential development of the proposed 1-acre parcel shall not be allowed until a right-of-way 49.5' in width is provided from Lake Morey Road East to the 1-acre lot. The Planning Commission' s decision is based on Section 4.4 (Required Frontage On, or Access to, Public Roads) of the Fairlee Zoning Regulations.

The first paragraph of § 4.4 of the Zoning Regulations states in full that:

No land development may be permitted on lots which do not either have frontage on a public road or public waters or with the approval of the Planning Commission, access to such a road or waters by a permanent easement or right-of-way. Any new rights-of-way shall be at least 49.5 feet in width or 3 rods in width.

The comparable state statute precludes land development on rights-of-way narrower than 20 feet in width. 24 V.S.A. § 4406(2). The state statute does not prevent municipalities from imposing stricter requirements, such as the requirement imposed by the Town of Fairlee that newly-created rights-of-way or private roads have easements at least 49½ feet (three rods) in width. However, in the present case, the right-of-way providing access to the proposed subdivision is not a "new" right-of-way; that is, it was not created after the 49½ -foot (three-rod) provision was added to the zoning regulations. It is a right-of-way in existence since 1909, and therefore does not fall within the requirement of § 4.4 of the Zoning Regulations.

Of course, the Planning Commission in acting on a minor subdivision application is not only acting to approve access under § 4.4 of the Zoning Regulations; it also must determine whether a proposed subdivision meets the requirements of the Subdivision Regulations. The Fairlee Subdivision Regulations and the state enabling statute authorize the Planning Commission to address concerns regarding the safety of vehicular circulation and access, and to deny or

condition subdivision applications on improvements to access roadways. See 24 V.S.A. § 4413. In the present case the Planning Commission appears to have based its decision on those considerations, but did not cite that authority or analyze the issue or impose the contested condition under the criteria of the subdivision regulations or state statute.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is GRANTED in PART, in that the contested condition is not authorized by § 4.4 of the Zoning Regulations. However, this ruling does not automatically result in the approval of the subdivision application without the contested condition, because the matter is <u>de novo</u> before the Court. The Court must consider Appellants' subdivision application <u>de novo</u> as to the issue of the adequacy of access. We will therefore hold a telephone conference on June 16, 2003 (see enclosed notice) to discuss setting this matter for a hearing on the merits[3] of the adequacy of access to the subdivision. We note for the parties' guidance that the merits of the subdivision are not before the Court other than as to the issue of the adequacy of access to the subdivision by the Redmond Road and O' Donnell Drive rights-of-way.

Done at Barre, Vermont, this 26th day of May, 2003.

_____

Merideth Wright
Environmental Judge

## Footnotes

[1]    The Town is a proper party to address the interpretation of its zoning or subdivision ordinances. We do not now address whether it would have standing to address the merits of whether a particular permit should be granted or denied. We note that no other parties have entered their appearance in this matter, although at least one person opposed the subdivision permit on appeal in this matter, and another opposed the 1995 subdivision permit.

[2]    Because it was not appealed, the doctrine of issue preclusion does not arise; that is, the question of whether the access was 'new' or not was not then litigated in court. Of course, the 1995 permit became final and cannot now be appealed, and it did allow access to Lots 1 and 2 by a right-of-way less than three rods wide. But all that became final was the two-lot subdivision of Lots 1 and 2; that subdivision approval does not require the Town to allow any further subdivision of either of those lots.

[3]    The parties should be prepared to discuss at the conference whether they would prefer to remand this issue to the Planning Commission for it to rule in the first instance, with the possibility of waiver of the filing fee if Appellants thereafter wish to appeal any such ruling.